JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

BRIAN McGUINTY,

    Plaintiff,

- against -

BRIAN FEHD,

    Defendant.

------------------------------------------------------x

08 CV 4822

WK 4641

08 Civ. _____

COMPLAINT

PLAINTIFF DEMANDS
A TRIAL BY JURY

RECEIVED
NOV 2 3 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Brian McGuinty, by his attorneys McCarthy & Kelly LLP, states and alleges the following upon information and belief:

### THE PARTIES

1. Plaintiff Brian McGuinty was and is a resident of the State of New Jersey with an address at 122 56th Street, West New York, NJ 07093.

2. Defendant Brian Fehd is a resident of the State of New York, County of New York with an address at 325 West 45th Street, New York, NY 10036.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(c) and 1446(c) as the plaintiff and the defendant are citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

4. Venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. 1391 because plaintiff's claims arise in the Southern District of New

York and because defendant is subject to personal jurisdiction in the Southern District of New York.

## AS AND FOR A FIRST
## CAUSE OF ACTION

5. Upon information and belief, that at all times hereinafter mentioned, defendant was and still is the owner of a certain motor vehicle, *to wit*, a motorcycle, bearing a New York State license registration number.

6. The West Side Highway and West 24th Street in the City, County and State of New York, were and still are public thoroughfares over and along the streets of which the public has a right to travel.

7. Prior to and on April 15, 2008, at the time of the within motor vehicle accident, the City of New York had erected, *inter alia*, traffic signals and/or traffic lights, traffic signs, stop signs, turning signs, no turning signs and/or other traffic control devices, both on West Side Highway and West 24th Street at or near the intersection of these two thoroughfares.

8. That at all times herein mentioned, the City of New York had erected the aforementioned traffic control devices both on West Side Highway and West 24th Street at or near the intersection of these two thoroughfares in order to control the flow of traffic and at the same time the City of New York had enacted ordinances requiring, *inter alia*, (a) motor vehicles to come to a full stop when the traffic light is red; (b) motor vehicles to proceed when the traffic light is green; (c) motor vehicles to not make left turns when a no left turn sign is present; (d) motor vehicles to not make left turns when traffic conditions do not permit such a left turn to be safely made; (e) motor vehicles to always keep a proper

lookout for pedestrians; (f) motor vehicles to always allow a pedestrian the right of way; (g) motor vehicles to never enter a crosswalk while a pedestrian is attempting to cross the street in that crosswalk; (h) motor vehicles to always sound their horn before entering a crosswalk or an intersection while a pedestrian is attempting to cross the street and/or (i) motor vehicles to decrease speed before entering a crosswalk or an intersection while a pedestrian is attempting to cross the street.

9. On April 15, 2008, at about 8:15 p.m., plaintiff, a pedestrian, was walking east across the West Side Highway in the marked crosswalk at the intersection of the West Side Highway and West 24th Street. On the aforementioned date and time, defendant was driving his motor vehicle south on the West Side Highway at or near its intersection with West 24th Street in the City, County and State of New York.

10. On April 15, 2008, at about 8:15 p.m., while plaintiff was walking east across the West Side Highway and West 24th Street in the marked crosswalk at the intersection, the traffic signal was green, indicating that pedestrians could proceed to walk east across the West Side Highway at its intersection with West 24th Street.

11. On April 15, 2008, at about 8:15 p.m., while plaintiff was walking east across the West Side Highway and West 24th Street at the intersection, the traffic signal for the defendant was red, indicating that motor vehicles could not proceed south on the West Side Highway at its intersection with West 24th Street.

12. On the aforementioned date and time, defendant negligently, carelessly and recklessly drove his motor vehicle south along the West Side Highway into the intersection with West 24th Street, *inter alia*, by negligently, carelessly and recklessly proceeding south on the West Side Highway against a red light traffic signal, by driving through a red light

traffic signal, by failing to keep a proper lookout and/or by negligently, carelessly and recklessly causing a crash between his motor vehicle and the plaintiff, a pedestrian, thus causing plaintiff to suffer severe and permanent personal injuries.

13. On the aforementioned date and time, defendant negligently, carelessly and recklessly failed to stop and/or slow his vehicle and negligently, carelessly and recklessly failed to avoid, evade, avert or prevent the crash between his motor vehicle and the plaintiff, a pedestrian, thus causing plaintiff to suffer severe and permanent personal injuries.

14. The accident and the injuries to plaintiff were caused wholly and solely by the negligence of the defendant and were not due to any fault or lack of care on the part of the plaintiff.

15. That the defendant was negligent, careless and reckless in the ownership, operation, management, maintenance and control of his motor vehicle and defendant's negligence, carelessness and recklessness was in no way due to fault or lack of care on the part of the plaintiff.

16. That the limitations on liability set forth in CPLR 1601 do not apply as plaintiff's action falls within the exemption set forth in CPLR 1602.

17. That solely by reason of all the foregoing, plaintiff suffered serious, severe and permanent personal injuries and was rendered sick, sore, lame and disabled with multiple contusions and abrasions in and about diverse parts of his person; experienced extreme pain and suffering and continues to suffer from said injuries; that plaintiff has been informed and believes that his injuries are of a permanent nature and plaintiff did seek medical aid, attention and treatment and will be required to do so in the future.

18. That solely by reason of the foregoing, plaintiff has suffered a "serious injury" as defined in New York Insurance Law 5102(d) and/or economic loss greater than "basic economic loss" as defined by New York Insurance Law 5102 (a).

19. That solely by reason of the foregoing, plaintiff Brian McGuinty has been damaged in the sum of five million dollars ($5,000,000).

20. Plaintiff demands a trial by jury on all issues.

WHEREFORE, plaintiff Brian McGuinty demands judgment against defendant Brian Fehd in the amount of five million dollars ($5,000,000) together with the costs and disbursements of this action.

Dated:   New York, New York
         May 20, 2008

                                    Respectfully submitted,

                                    McCARTHY & KELLY LLP

                                    By _____
                                    William P. Kelly
                                    WK 4641
                                    A Member of the Firm
                                    Attorneys for Plaintiff
                                    52 Duane Street - 7th Floor
                                    New York, NY 10007
                                    (212) 732-5040

TO:  Brian Fehd
     325 West 45th Street
     New York, NY 10036

Docket No.: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN McGUINTY,

           Plaintiffs,

-against-

BRIAN FEHD,

           Defendant.

## COMPLAINT

### McCARTHY & KELLY LLP

Attorneys for Plaintiff

Federal Plaza
52 Duane Street
New York, NY 10007
(212) 732-6000

TO:  Brian Fehd
325 West 45th Street
New York, NY 10036